```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LEN FORD,<br>    Plaintiff,<br>     v.<br><br>CONSIGNED DEBTS &<br>COLLECTIONS, INC. c/o Valerie<br>L. Weidman, Registered Agent,<br>    Defendant. | CIVIL NO. 09-3102(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

ALANA M CARRION
MACEY & ACKMAN, PC
17 ACADEMY STREET, SUITE 1615
NEWARK, NJ 07102
    On behalf of plaintiff

**HILLMAN**, District Judge

    Presently before the Court are the motions of plaintiff requesting that default judgment and attorney's fees and costs to be adjudged in his favor against defendant. For the reasons expressed below, plaintiff's motions will be denied without prejudice to his right to re-file his motions should defendant fail to appear to defend itself in this action within thirty days.

## DISCUSSION

    Plaintiff, Len Ford, claims that defendant, Consigned Debts & Collections, Inc., violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, et seq., through its communications with

plaintiff regarding an unpaid debt.[1]  Plaintiff claims that defendant[2] improperly failed to identify itself as a debt collector when it telephoned him, improperly threatened to sue plaintiff if he did not pay off the debt immediately, and improperly threatened plaintiff that it would contact his parole officer and have him thrown back in jail if he did not immediately pay his debt. Plaintiff claims that this caused him severe emotional and mental distress.

   Plaintiff filed his complaint on June 25, 2009, and effected service on defendant on September 24, 2009.  Defendant failed to answer or otherwise appear in the action within the time prescribed by the Federal Rules, and plaintiff thus requested a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).[3]  The Clerk entered defendant's default on October 26, 2009.  On May 10, 2010, plaintiff filed the instant motions for default judgment, pursuant to Fed. R. Civ. P. 55(b), and for attorney's fees and costs.

---

   [1]This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

   [2]Plaintiff does not identify the individual representing the defendant collections agency who communicated with him, and simply refers to defendant--the entity and the individual--as "defendant."  For present purposes, the Court will do the same.

   [3]Fed. R. Civ. P. 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

2

In a letter dated May 19, 2010, Michael P. Hayes, "Collections Manager" for defendant mailed a letter to the Court. In that letter, Mr. Hayes states that defendant "has not been at 1001 S 4th Street Hamburg, PA 19526 for at least the last nine (9) years," and that "Valerie Weidman has also not been with Consigned Debts & Collections Inc. for at least the last eight (8) years." (Docket No. 8.) Mr. Hayes further states that defendant "has not received any notifications via mail and strongly denies the accusations brought forth by" plaintiff and his counsel. Mr. Hayes concludes the letter by stating that "Consigned Debts & Collections Inc. would like to defend themselves against these false accusations."

It appears that with regard to the address and Valerie Weidman, Mr. Hayes is referring to the address contained in the caption of plaintiff's complaint, as well as the caption's reference to Valerie Weidman as the registered agent for defendant. These two issues, along with the fact that defendant did not receive "any notifications via mail," are immaterial to defendant's failure to appear in this case. Plaintiff's proof of service shows that Michael Hayes was personally served by a process server on September 24, 2009 at 3:17pm at 212 South 13th Street, Hamburg, PA 19526 (Docket No. 2), which is the address contained in the letterhead of Mr. Hayes' May 19, 2010 letter to the Court. Thus,

3

it appears that defendant was properly served,[4] and default has been properly entered against it.

The Court, however, construes the last sentence in Mr. Hayes' letter as defendant's intent to vacate default, oppose plaintiff's motions, and appear in this action.  The decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the district court.  <u>U.S. v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194 (3d Cir. 1984) (citing Fed. R. Civ. P. 55(c), which provides, "For good cause shown the court may set aside an entry of default") (other citation omitted).  The Third Circuit "does not favor entry of defaults or default judgments" and it requires "doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits."  <u>Id.</u> at 194-95 (citations and quotations omitted).  A district court must consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  <u>Id.</u> at 195 (citations

---

[4]The Court does not make any substantive finding on the propriety of service, should defendant contest it for whatever reason.  The Court only finds that the "Collections Manager" for defendant was personally served and, therefore, defendant received notice of this lawsuit through that service.

omitted).

Since Mr. Hayes' letter, defendant has not undertaken any steps to further contest the default entered against it, and, consequently, defendant has not articulated his position with regard to the factors the Court must consider in deciding whether to vacate default. A properly-served defendant has an obligation to defend itself against a plaintiff's claims, or it must expect that a judgment may be entered against it.

The Court, however, is reluctant to consider plaintiff's default judgment when defendant has expressed an intention and desire to contest plaintiff's claims. Further, other than failing to answer plaintiff's complaint after it had been properly served, there is no indication that defendant's conduct constitutes the requisite wilfulness or bad faith which is necessary to finding a defendant culpable in the context of failing to timely answer. Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983); Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distributors, 2007 WL 4323001, *3 (E.D. Pa. 2007) (explaining that "[e]ven where neglect is inexcusable, and where the Court cannot condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting the refusal to set aside default must rise to the level of 'flagrant bad faith,' and 'callous disregard of responsibility'" (citation omitted)).

5

Therefore, the Court will allow defendant 30 days to appropriately make its appearance in the case, and file the proper responses to plaintiff's complaint, the Clerk's entry of default, and plaintiff's motions.[5]  If defendant fails to do so, plaintiff may re-file his motions, which the Court will then decide on their merits.  An order will be entered.


Date: July 12, 2010                              s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[5]The Court notes that a corporation may not appear *pro se*, and it may not be represented by an officer not licensed to practice law. U.S. v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996) (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'").

6